UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NURI R. SERMON, No. 23393-076,

    Petitioner,

v.

ERIC WILLIAMS, Warden,

    Respondent.

Case No. 22-cv-1242-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Nuri R. Sermon's amended petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 3). The petitioner is incarcerated at the Federal Correctional Institute at Greenville, Illinois, where respondent Eric Williams is the warden. The petitioner is challenging his sentence on the grounds that, in light of *Mathis v. United States*, 579 U.S. 500 (2016), and *Borden v. United* States, 141 S. Ct. 1817 (2020), he was erroneously sentenced as an armed career criminal under the enhanced statutory sentencing range of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases.

In September 2009, Sermon was charged in the United States District Court for the Western District of Tennessee with possessing a firearm as a felon in violation of 18 U.S.C. § 922(g). *See United States v. Sermon*, No. 09-cr-20395-SHM-cgc. He pled guilty to the charge, and in March 2012, was sentenced to serve 180 months in prison. In selecting this sentence, the Court found the defendant

was an armed career criminal under the ACCA. The ACCA provides that a defendant convicted of being a felon in possession of a firearm who has three previous convictions for a violent felony or a serious drug offense is subject to a mandatory minimum sentence of 15 years' imprisonment. 18 U.S.C. § 924(e)(1). Sermon's statutory sentencing range without the armed career criminal finding would have been not more than 10 years. 18 U.S.C. § 924(a)(2). The court found Sermon to be an armed career criminal based on at least three prior Tennessee convictions for violent felonies.

Sermon now asserts that *Borden v. United States*, 141 S. Ct. 1817 (2021), entitles him to § 2241 relief. In *Borden*, a district court had used a prior state conviction for reckless aggravated assault as a predicate crime to support armed career criminal status. *Id.* at 1821. *Borden* held that a prior conviction requiring only the *mens rea* of "recklessness" could not be a "violent felony" under the ACCA because recklessness is inconsistent with the requirement of using "physical force *against the person of another*," 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added), which implies purpose or knowledge. *Id.* at 1825.

Sermon believes one or more of his prior state convictions could have been committed with only the *mens rea* of recklessness. If that were true, that crime could not count as a predicate conviction in support of armed career criminal status. *See id.* at 1832 ("An offense does not qualify as a 'violent felony' unless the *least* serious conduct it covers falls within the elements clause."). Sermon argues that the Court should overturn his sentence because he did not have at least three prior convictions that qualified as "violent felonies" after *Borden*.

Generally, an inmate must bring a challenge to his sentence in a § 2255 motion in the district of his conviction. *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). However, there is an exception to this rule under the "savings clause" of § 2255(e), which allows an inmate to attack his sentence in a § 2241 petition in the district of his incarceration where a § 2255 motion "is inadequate or ineffective to test the legality of his detention."

It is unclear whether § 2241 is available to the petitioner to raise his argument under the "savings clause" of § 2255(e).  Furthermore, the record is nearly bare as to the specifics of Sermon's prior convictions and the sentencing court's reasoning for finding him an armed career criminal, so the Court cannot tell whether a miscarriage of justice has occurred.  Because it is not plainly apparent from the record that § 2241 is unavailable to Sermon or that, if it were available, he is not entitled to relief, Sermon's amended § 2241 petition survives preliminary review pursuant to Rule 4.

**IT IS THEREFORE ORDERED** that the respondent shall answer or otherwise plead on or before **July 29, 2022**.  This preliminary order to respond does not preclude the respondent from raising any objection or defense the respondent may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

The petitioner is **ADVISED** of his continuing obligation to keep the Clerk and opposing parties informed of any change in the petitioner's whereabouts during the pendency of this action.  This notification must be in writing no later than 7 days after a transfer or other change in address.  Failure to provide notice may result in dismissal of this action.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**
**DATED:  June 29, 2022**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**